UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMEN IRIS COLON,

           Plaintiff,

    -against-

JUAN P. LOPEZ, JR.,

           Defendant.

1:23-CV-5771 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Carmen Iris Colon, who is appearing *pro se*, filed this action invoking the court's federal question jurisdiction.[1] She sues Defendant Juan P. Lopez, Jr., whom she alleges is currently incarcerated in the Federal Correctional Institution in Ray Brook, New York. Plaintiff alleges that Defendant and his wife defrauded Plaintiff while Defendant was incarcerated in the Green Haven Correctional Facility. Plaintiff seeks $10,000 in damages as well as the criminal prosecution of Defendant and his wife. Because none of Plaintiff's claims appears to be based on federal law, the Court construes Plaintiff's complaint as asserting claims under state law under the court's diversity jurisdiction.

      By order dated July 17, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action for lack of subject matter jurisdiction, but grants Plaintiff leave to replead her claims under state law, under the court's diversity jurisdiction, in an amended complaint.

---

[1] Plaintiff filed a letter with her complaint, which the Court construes as a supplement to the complaint. (ECF 3.)

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

**BACKGROUND**

Plaintiff alleges the following in her complaint and in the supplement to her complaint: Between 2016 and 2022, while Defendant was incarcerated in the Green Haven Correctional Facility ("Green Haven"), Plaintiff entered into a romantic relationship with Defendant; Plaintiff did not know that he was married. Over the course of their 6-year relationship, Plaintiff visited Defendant and supported him, including financially, allowing him to borrow money from her and sending him items. Defendant never paid back the money that Plaintiff had loaned him. Rather, he diverted those funds to his wife as part of a scheme that both he and his wife participated in to defraud Plaintiff. All the while, Defendant also maintained his relationship with his wife, who visited him at Green Haven, and who gave birth to their child while Defendant was incarcerated there.

Plaintiff learned of this scheme to defraud her only when she visited Green Haven to collect Defendant's "come home gear" at the end of Defendant's state sentence. At that facility,

she learned that Defendant's wife had already collected Defendant's "come home gear" the week before. Defendant had also left Green Haven, without Plaintiff's knowledge, to serve his current federal sentence. In addition to $10,000 in damages, Plaintiff seeks the criminal prosecution of Defendant and his wife.

## DISCUSSION

### A.   Private prosecution

To the extent that Plaintiff brings claims in which she seeks the criminal prosecution of Defendant and his wife, the Court must dismiss those claims. Plaintiff cannot initiate a prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against anyone because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court. . . ." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the criminal prosecution of Defendant and his wife, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)).

### B.   Subject matter jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, subject matter jurisdiction is available only when a "federal question" is presented or, when asserting claims under state law

3

under a federal district court's diversity jurisdiction, when the plaintiff and the defendant are citizens of different States and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under federal question jurisdiction if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)) (internal quotation marks omitted). Mere invocation of federal question jurisdiction, without any facts demonstrating a federal law claim, does not create federal question jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff has not alleged facts showing that this Court can consider her claims under its federal question jurisdiction. Plaintiff's allegations describe a scheme to defraud Plaintiff in which Defendant and his wife took advantage of Plaintiff; Defendant allegedly deceived

Plaintiff, under the pretext of being in a romantic relationship with her, into loaning money to him that he had no intention of repaying and that he redirected to his wife, who was allegedly another participant in that scheme. Claims arising from such allegations are usually brought under state law, not federal law.

To the extent that Plaintiff asserts claims under state law, her complaint does not show that the Court has diversity jurisdiction of this action. To establish diversity jurisdiction, a plaintiff must first allege that she and the defendant are citizens of different States. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where the individual "has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual has, "[a]t any given time, . . . but one domicile." *Id.* There is a rebuttable presumption that a prisoner retains his or her pre-incarceration domicile. *Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007); *see Housand v. Heiman*, 594 F.2d 923, 925 n.5 (2d Cir. 1979).

Moreover, for diversity jurisdiction, the plaintiff must also allege to a "reasonable probability" that her claims are in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

5

Plaintiff seems to assert that both she and Defendant are citizens of the State of New York. (ECF 1, at 3.) Thus, she does not show that the parties are diverse. Plaintiff also does not allege facts showing that her claims satisfy the jurisdictional amount, an amount in excess of the sum or value of $75,000; she seeks only $10,000 in damages. The Court therefore dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead her claims under state law, under the court's diversity jurisdiction, in an amended complaint. Plaintiff must allege facts showing that she and the defendant(s) named in her amended complaint are citizens of different States; in other words, if Plaintiff is a citizen of the State of New York, no named defendant may also be a citizen of that same State. Plaintiff must also allege facts showing a reasonable probability that her claims satisfy the jurisdictional amount for a diversity action – an amount in excess of the sum or value of $75,000.

## CONCLUSION

The dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court, however, grants Plaintiff 60 days' leave to replead her claims under state law, under the Court's diversity jurisdiction, in an amended complaint, as specified above. If Plaintiff fails to file an amended complaint within the time allowed, or fails to show cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment dismissing this action for lack of subject matter jurisdiction. *See id.*

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 28, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge